IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3204-D

ELIJAH S. CLARY, )
 )
        Plaintiff, )
 )
v. ) **ORDER**
 )
ROBERT C. LEWIS, et al., )
 )
        Defendants. )

On October 18, 2012, Elijah S. Clary ("Clary"), a state inmate proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On May 17, 2013, the court reviewed Clary's complaint pursuant to 28 U.S.C. § 1915A, dismissed Clary's claims arising at Central Prison alleging a violation of the Prison Rape Elimination Act ("PREA"), along with several defendants, for failure to state a claim, denied Clary's motion for court-appointed counsel, and allowed Clary to proceed with his section 1983 claims arising at Maury Correctional Institution ("Maury") against all remaining defendants [D.E. 9]. On February 6, 2014, the court ruled on several motions, denied defendants' motions to dismiss or for judgment on the pleadings, and referred the case to Magistrate Judge Robert B. Jones, Jr. for entry of a scheduling order to include a succinct period for discovery [D.E. 61]. On February 7, 2014, Magistrate Judge Jones entered a scheduling order, with a discovery deadline of April 7, 2014 [D.E. 62]. On April 15, 2014, the court directed defendant Philips to produce to Clary all medical records in her custody [D.E. 77].

On June 20 and 27, 2014, defendants filed motions for summary judgment [D.E. 98, 104]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified Clary about the motions for summary judgment, the consequences of failing to respond, and the

response deadlines [D.E. 101, 108]. Clary filed voluminous materials in opposition to the motions for summary judgment [D.E. 92, 97, 116, 119, 122, 125–28, 130, 133–37, 141–42, 144–46], and moved to amend his complaint [D.E. 132] and to seal certain exhibits [D.E. 143]. On March 20, 2015, the court granted defendants' motions for summary judgment as to all defendants except Sergeant Tony Harper and denied Clary's motions. See [D.E. 148].

On April 2, 2015, Clary filed a notice of interlocutory appeal to the United States Court of Appeals for the Fourth Circuit [D.E. 150]. On April 24 and June 18, 2015, Clary filed a motion for reconsideration [D.E. 154, 161].[1] On May 12, 2015, defendant Harper moved for reconsideration [D.E. 157]. On June 10 and 18, 2015, Clary responded in opposition to defendant Harper's motion for reconsideration [D.E. 159–160]. Also on June 18, 2015, Clary moved to change the case caption used by the Fourth Circuit "back to Elijah Shane Clary v. Robert C. Lewis, et al." [D.E. 160]. On July 27, 2015, the Fourth Circuit dismissed Clary's appeal for lack of jurisdiction [D.E. 162]. On August 18, 2015, the Fourth Circuit issued its mandate [D.E. 165]. As explained below, the court denies the pending motions.

I.

"[A]n order of partial summary judgment is interlocutory in nature." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003); see Fed. R. Civ. P. 54(b). "[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, 326 F.3d at 514–15. This power is "committed to the discretion of the district court." Id. at 515. In the exercise of that discretion, the court generally follows its previous orders unless these "exceptional

---

[1] The motions are substantially identical and seek the same relief.

2

circumstances" are present: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. at 515–16; see Sejman v. Warner-Lambert Co., 845 F.2d 66, 69 (4th Cir. 1988); Pharmanetics, Inc. v. Aventis Pharm., Inc., No. 5:03-CV-817-FL(2), 2005 WL 6000369, at *3–4 (E.D.N.C. May 4, 2005) (unpublished). "Law of the case is just that however, it does not and cannot limit the power of a court to reconsider an earlier ruling." Am. Canoe Ass'n, 326 F.3d at 515. "The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." Id.

The court first addresses Clary's motions for reconsideration. Clary disagrees with the court's conclusion that he waived any right to a jury trial. [D.E. 154, 154-1, 161]; see Order [D.E. 148] 23 n.12. In the federal courts, a party seeking a jury trial must serve the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). A plaintiff seeking a jury trial may include the demand in his complaint. See id. "The right to jury trial is not automatic. If not timely demanded, the right is waived." Gen. Tire & Rubber Co. v. Watkins, 331 F.2d 192, 195 (4th Cir. 1964); see Fed. R. Civ. P. 39(d); Aetna Ins. Co. v. Kennedy, 301 U.S. 389, 393 (1937); Solis v. Cty. of Los Angeles, 514 F.3d 946, 953–54 (9th Cir. 2008); Hohman v. Dunning, 991 F.2d 789, 1993 WL 127955, at *1 (4th Cir. 1993) (per curiam) (unpublished table opinion). Nevertheless, because the right to a jury trial is fundamental, "courts indulge every reasonable presumption against waiver." Aetna Ins. Co., 301 U.S. at 393; see Kiser v. Dearing, 442 F. App'x 132, 134 (5th Cir. 2011) (per curiam) (unpublished); Wright v. Lewis, 76 F.3d 57, 60 (2d Cir. 1996).

Neither Clary nor any defendant made a jury demand in either their pleadings or by separate

3

written request within the time to do so prescribed by Rule 38(b).[2] When no party has made a jury demand, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). "[T]he decision to grant a jury trial pursuant to Rule 39(b) is committed to the discretion of the trial court." Malbon v. Pa. Millers Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980); see Wise v. Lanham, 171 F.R.D. 187, 188 (D. Md. 1997).

> The factors which courts have weighed when deciding whether to grant a jury trial under Rule 39(b) include (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); [and] (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

Malbon, 636 F.2d at 940 n.11 (citations omitted); see Kelly v. Sentara, No. 2:11CV672, 2012 WL 4340849, at *2 (E.D. Va. Sept. 20, 2012) (analyzing five factors, including "(1) the justifiability of the delay; (2) the appropriateness of the issues for trial by jury; (3) the prejudice to the opposing party; (4) the timeliness of the motion; and (5) the effect of granting the motion on the orderly administration of justice").

In considering the five factors, the court finds that a jury trial is not warranted. Clary relies on his status as a pro se litigant, which "establishes no more than inadvertence, [and] is not a sufficient basis to grant relief from an untimely jury demand." Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); see Hill v. Wal-Mart Stores, Inc., 510 F. App'x 810, 812 (11th Cir.) (per curiam) (unpublished), cert. denied, 134 S. Ct. 618 (2013); Kelly, 2012 WL 4340849, at *2;

---

[2] Dr. Philips's sole reference in her answer to "the jury," [D.E. 46] 7, does not constitute a jury demand within the scope of Rule 38(b) upon which Clary may rely. See, e.g., Allen v. Gen. Motors Corp., 186 F. App'x 869, 870 (11th Cir. 2006) (per curiam) (unpublished); Sw. Stainless, L.P. v. Sappington, No. 07-CV-0334-CVE-PJC, 2007 WL 3561477, at *2 (N.D. Okla. Nov. 14, 2007) (unpublished).

4

Wise, 171 F.R.D. at 188. Clary filed the motion more than a year after the close of discovery and almost three years after commencing the action. See McCray v. Burrell, 516 F.2d 357, 371 (4th Cir. 1975) (en banc); Macon v. E.I. DuPont, No. 3:10-CV-260, 2011 WL 1814925, at *3 (E.D. Va. May 11, 2011) (unpublished) (noting "that preparation and strategy required for bench and jury trials can vary greatly"). The factor that counsels most insistently against granting Clary's request, however, is Clary himself:

> The fact is, many inmates would rather not have a jury trial in these kinds of cases. This is understandable since inmates well know that juries often find it difficult (despite their best efforts to follow the law) to muster the fortitude to make a damage award in favor of an offender serving a significant sentence for a serious offense . . . even where there is substantial evidence of a constitutional violation occurring within prison walls.

Wise, 171 F.R.D. at 188. As Clary has repeatedly reminded this court, he proceeds pro se. In a jury trial, Clary would be required to make opening and closing statements, submit proposed voir dire and jury instructions, and question witnesses within the confines of the Federal Rules of Evidence. By contrast, "a judge presiding over a bench trial is presumed to consider only relevant, admissible evidence" and thus has far more discretion to admit evidence in the absence of a jury. Chi. Title Ins. Co. v. IMG Exeter Assocs. Ltd. P'ship, 985 F.2d 553, 1993 WL 27392, at *4 (4th Cir. 1993) (per curiam) (unpublished table opinion); see, e.g., Williams v. Illinois, 132 S. Ct. 2221, 2235 (2012).

Next, the court addresses defendant Harper's motion for reconsideration. Harper disputes the court's "reli[ance] upon recent case law . . . which constitutes an intervening change of controlling law and which Defendant Harper was not afforded the opportunity to address prior to the Court's 20 March 2015 Order" denying his motion for summary judgment. [D.E. 158] 1–2 (citing Makdessi v. Fields, 789 F.3d 126 (4th Cir. 2015); see Order [D.E. 148] 15, 18–19. Although the Fourth Circuit's opinion in Makdessi is recent, the section of that opinion cited by the court cites two

5

cases which are approximately twenty years old each. See Makdessi, 789 F.3d at 133–34 (citing Farmer v. Brennan, 511 U.S. 825, 842–43 (1994), and Brice v. Va. Beach Corr. Ctr., 58 F.3d 101, 105 (4th Cir. 1995)). Thus, Harper's motion lacks merit and is denied.

Finally, as for Clary's request for this court to amend the caption used by the Fourth Circuit [D.E. 160], the motion lacks merit and is denied.

II.

In sum, the court DENIES the parties' motions for reconsideration [D.E. 154, 157, 161] and plaintiff's motion to amend the caption [D.E. 160].

SO ORDERED. This 25 day of September 2015.

JAMES C. DEVER III
Chief United States District Judge